UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>AMOS HALL,<br><br>　　　　　　　　Defendant. | 1:18-CR-10023-01-CBK<br><br>ORDER |

　　　　Defendant Amos Hall was sentenced by me on May 13, 2019, to 84 months imprisonment for conspiracy to distribute a controlled substance.  He has filed a letter request for help in convincing the Bureau of Prisons ("B.O.P.") to award him nine months credit for time served in federal custody while in federal pretrial detention.

　　　　The record in this case shows that defendant was arrested June 20, 2018, pursuant to the filing of the indictment in this case and a warrant of arrest.  On June 21, 2018, defendant entered an initial appearance on the indictment and was released on his own personal recognizance.

　　　　Defendant was sentenced in South Dakota Circuit Court, Third Judicial District, Codington County, on June 27, 2018, to six years imprisonment on state charges.  He began serving that sentence but was taken out of state custody and placed in federal custody on August 14, 2018, pursuant to a writ of habeas corpus *ad prosequendum*.  He remained in federal custody until May 16, 2019, when the United States Marshals Service returned him back to state custody. According to the Marshals Service, defendant served a total of 323 days in federal custody.

　　　　At the sentencing hearing in this case, I inquired of the parties whether in fact the defendant has served 2 days in federal custody, as set forth in the sentencing recommendation prepared by United States Probation and Pretrial Services.  At that time, counsel for defendant stated on the record that the defendant had been in federal custody since the writ was executed in August 2018.  The record shows that was true.  The sentencing recommendation was incorrect.

　　　　Notwithstanding the foregoing, this Court cannot grant the relief requested.  Credit for time served is calculated under 18 U.S.C. § 3585 and is to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence.  United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992), citing United States v. Wilson, 503 U.S. 329, 112

S. Ct. 1351, 117 L. Ed. 2d 593 (1992). The Attorney General has delegated the task of calculating credit for time served to the Bureau of Prisons. United States v. Moore, 978 F.2d at 1031; 28 C.F.R. § 0.96.

Federal prisoners can challenge the denial of jail-time credit by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which they are confined. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000), Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995), Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993), Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991), U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

Federal prisoners challenging actions of prison officials must exhaust administrative remedies before seeking habeas corpus relief. Kendrick v. Carlson, 995 F.2d at 1447. "If [federal prison] administrative grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court." Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974).

Defendant is incarcerated at the Federal Correctional Institute in Oxford, Wisconsin. He may challenge the denial of jail-time credit by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Wisconsin after he has exhausted his administrative remedies. His request for jail time credit is not cognizable in his federal criminal case.

Now, therefore,

IT IS ORDERED that defendant's letter request for relief is denied.

DATED this 29th day of June, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge